IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULA PEELER, )<br>   Plaintiff, )<br>v. )<br> )<br>WAL-MART STORES EAST, LP, )<br> )<br>   Defendant. ) | Case No. CIV-22-433-G |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: July 6, 2022

Appearing for Plaintiff: Bryan Garrett

Appearing for Defendant: Michael Brewer and Jeffrey Scott, Hiltgen & Brewer, P.C.

**Jury Trial Demanded** ☒  -  **Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   On May 29, 2020, Plaintiff was an invitee of Defendant's Walmart store in Checotah, Oklahoma. While Plaintiff was an invitee of Defendant's premises, one of Defendant's employees was pushing a large cart and pushed this cart into Plaintiff. This incident was the result of the negligence of the Defendant Walmart's employee in failing to properly pay attention to the surroundings and customers.

   Defendant denies that it was negligent concerning Plaintiff's alleged incident. Defendant also denies that Defendant was the cause of Plaintiff's alleged injuries. Plaintiff's medical expense claims are subject to the limitations of 12 O.S. § 3009.1.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, and it was removed pursuant to 28 U.S.C. §1441. Venue is proper in the Western District of Oklahoma pursuant to 28 U.S.C. §1391.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed,

including jurisdictional facts.

    a. Date of incident; May 29, 2020

    b. Location of incident; Walmart Store #340, Checotah, Oklahoma

    c. Plaintiff was an invitee.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:  Defendant owed a duty to Plaintiff. Defendant breached that duty, causing Plaintiff's damages.

   b. <u>Defendant</u>: Defendant Walmart denies Plaintiff's contentions and claims. Additionally, Defendant denies that the medical treatment provided to Plaintiff was necessary or attributed to the alleged incident. Plaintiff's medical bills are governed by 12 O.S. § 3009.1.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
       ☐ Yes ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   Plaintiff anticipates filing standard Motions in Limine.

   Defendant Walmart anticipates filing standard Motions in Limine and Motion for Protective Order.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   ☒ No
   If "no," by what date will they be made? <u>July 5, 2022</u>

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>June 16, 2022.</u>

B. The parties anticipate that discovery should be completed within 9 months.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 90 days.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒ Yes     ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes     ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.
N/A

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

<u>Defendant anticipates filing a Motion for Protective Order.</u>

9. **ESTIMATED TRIAL TIME**:  2-3 days

10. **BIFURCATION REQUESTED**: ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good      ☒ Fair      ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes   ☐ No

B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    ☐ Other _____
    ☒ None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐ Yes ☒ No

14. <u>Type of Scheduling Order Requested</u>. ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 29th day of June 2022.

              /s/ Bryan G. Garrett
              **BRYAN GARRETT, OBA #17866**
              119 N. Robinson, Suite 650
              Oklahoma City, OK 73102
              405-839-8424 Telephone
              888-261-7270 Facsimile
              bryan@garrettlaw.com
              **ATTORNEYS FOR PLAINTIFF**

              *s/Michael W. Brewer*
              **MICHAEL W. BREWER, OBA # 11769**
              **JEFFREY D. SCOTT, OBA # 32115**
              **HILTGEN & BREWER, P.C.**
              9505 North Kelley Avenue
              Oklahoma City, OK 73131
              (405) 605-9000 - Telephone
              (405) 605-9010 – Facsimile
              Email: mbrewer@hbokc.law
              jscott@hbokc.law
              **ATTORNEYS FOR DEFENDANT**