**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PAULA PEELER,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, EAST, L.P.,<br><br>Defendant. | Case No: CIV-22-433-G |

**DEFENDANT'S MOTION TO CLARIFY AND/OR AMEND THE COURT'S FIFTH AMENDED SCHEDULING ORDER AND REQUEST FOR EXPEDITED RULING**

Defendant, Wal-Mart Stores East, L.P. ("Walmart"), by and through its counsel of record and pursuant to FED. R. CIV. P. 16(b)(4), respectfully moves this Court for clarification and/or amendment of the Court's Fifth Amended Scheduling Order filed by the Court on April 5, 2024 [Doc. 33]. Specifically, Defendant respectfully requests this Court: (1) clarify whether the August 1, 2024 discovery deadline in the Fifth Amended Scheduling Order applies to all discovery in this matter, or to the limited scope of discovery previously agreed to by counsel for the parties; and (2) amend the Fifth Amended Scheduling Order once more to note that the previous March 1, 2024, discovery deadline is in place except with respect to the limited scope of medical discovery previously agreed to by Plaintiff's and Defendant's counsel.

Pursuant to LCvR 37.1, Defendant's counsel has met and conferred in good faith in person with Plaintiff's counsel on this discovery dispute, but has been unable to reach a compromise or agreement on this issue. Pursuant to LCvR 7.1(g), because of the

expedited nature of some of the discovery subject to this deadline, Defendant further hereby makes a request for an expedited ruling on this Motion to Clarify and/or Amend Scheduling Order. Defendant's counsel communicated with Plaintiff's counsel, who agrees with this request. In support of its Motion to Clarify and/or Amend, Defendant Walmart respectfully directs this Court to the following.

## INTRODUCTION AND PROCEDURAL HISTORY

1. Plaintiff filed the instant lawsuit on May 5, 2022. [Petition in Oklahoma County District Court, Doc. 1-2.]

2. On May 27, 2022, Defendant removed the lawsuit to this Court on the basis of diversity jurisdiction. [Notice of Removal, Doc. 1.]

3. On July 8, 2022, the Court entered its first Scheduling Order in this case, with the discovery deadline set for April 3, 2023 [Doc. 11].

4. On January 19, 2023, the parties filed their First Joint Application to Extend Scheduling Order Deadlines and Trial Setting [Doc. 12], which this Court granted, and extended the discovery deadline to September 1, 2023 in the Amended Scheduling Order [Doc. 13].

5. On July 10, 2023, the parties filed their Second Joint Application to Extend Scheduling Order Deadlines and Trial Setting [Doc. 18], which this Court denied without prejudice based on a clerical error [Doc. 19].

6. On July 12, 2023, the parties filed their Third Application to Extend Scheduling Order Deadlines and Trial Setting [Doc. 20], which this Court granted, and extended the discovery deadline to December 1, 2023 in the Second Amended

Scheduling Order [Doc. 21].

7. On September 19, 2023, the parties filed their Fourth Joint Application to Extend Scheduling Order Deadlines and Trial Setting [Doc. 22], which this Court granted, and extended the discovery deadline to March 1, 2024 in the Third Amended Scheduling Order [Doc. 23].

8. On March 29, 2024, the parties filed their Fifth Joint Application to Extend Scheduling Order Deadlines and Trial Setting [Doc. 30]. As part of the Joint Application, the parties made known to the Court that (1) Plaintiff was in the process of retaining new counsel, and (2) Plaintiff received a new order from a new physician stating she would need lifetime treatment with a pneumatic compressor due to the condition of her lower leg. The fifth Joint Application states as follows:

> The parties agree that additional medical discovery is necessary, as well as discovery regarding injury / medical causation and Plaintiff's current status regarding her condition. To put it simply, it has just come to light in the last few days that Plaintiff has not and will not fully heal from her injuries. Defendant has not had an opportunity to see this medical record as of yet and desires to conduct discovery over this new condition claimed by Plaintiff. Both parties agree that additional discovery is required in this regard. Further, in light of the recent medical report, and within the time allowed by the new deadlines, Plaintiff requests the ability to identify an expert medical witness to provide an opinion as to Plaintiff's injuries.
>
> [Doc. 30, pg. 2.]

9. On April 1, 2024, the Court granted the parties' Fifth Joint Application and entered the Fourth Amended Scheduling Order [Doc. 31]; notably, the Fourth Amended Scheduling Order does not include a new discovery deadline.

10. On April 5, 2024, Plaintiff filed a supplement to the fifth Joint Application,

stating as follows:

> In the previously filed Unopposed Application [Doc. 30], it was stated that the parties agreed that additional discovery is needed, including expert witnesses. In light of the newly discovered evidence regarding the permanency of Plaintiff's injuries, Plaintiff's request an additional 90 days to identify any such additional witnesses, including expert witnesses, and to take depositions of any witnesses identified by the Parties. Plaintiff further requests the opportunity to identify any expert witness necessary to testify. regarding the permanency of her injuries and potentially a life-care plan expert. Plaintiff also requests the ability to identify any other expert witnesses deemed necessary within the time requested. Plaintiff agrees to be re-deposed regarding her current medical condition if Defendant chooses to do so. Defendant also requested the ability to conduct discovery regarding the new condition alleged by Plaintiff. The Court did not address this request in the Fourth Amended Scheduling Order [Doc. 31]. The parties request that discovery be extended by 90 days so that additional witnesses may be identified and deposed if necessary.
>
> [Doc. 32, pgs. 1–2.]

11. With this in mind, on April 8, 2024, the Court granted Plaintiff's Supplemental Motion and entered the Fifth Amended Scheduling Order, extending the discovery deadline to August 1, 2024 [Doc. 33]. However, the Fifth Amended Scheduling Order does not limit discovery to the scope agreed to by counsel.

12. At no time did counsel for Defendant agree to extend discovery for liability or accident fact witness purposes.

13. On April 22, 2024, Plaintiff's prior counsel filed his Motion to Withdraw [Doc. 34], which this Court granted on April 23, 2024 [Doc. 35]. Plaintiff's new attorneys entered appearances on April 26, 2024 [Docs. 36–39].

14. On April 29, 2024, and April 30, 2024, without consulting Defendant, Plaintiff's new counsel served Subpoenas to Testify at a Deposition in Civil Action to

John Lamont [Doc. 40] and Mikayla Lamirand [Doc. 41], respectively. Defendant is filing objections to these Subpoenas contemporaneously herewith.

15. Defendant Walmart agreed with Plaintiff to reset the discovery deadline for the limited purpose of conducting discovery regarding Plaintiff's newly claimed medical conditions and any associated medical experts retained by both parties. Defendant Walmart has *not* agreed to reset the discovery deadline to give Plaintiff another opportunity to take a second "bite at the apple" and continue conducting liability factual discovery after the deadline for same has passed.

16. Pursuant to LCvR 37.1, counsel for both parties have personally met and conferred in good faith with respect to this discovery dispute, and after a sincere attempt to resolve their differences, are unable to reach an accord.

## ARGUMENT AND AUTHORITIES

### *1. Standard of Review*

FED. R. CIV. P. 16(b)(4) allows for the modification of a scheduling order "for good cause and with the judge's consent." The decision to modify a scheduling order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). Further, a district court has "wide discretion in its regulation of pretrial matters," including whether to reopen discovery or grant an extension of deadlines. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). This Circuit has set forth a six-part test for determining whether discovery should be reopened: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in

obtaining discovery within the guidelines established by the Court; (5) whether the need for additional discovery in light of the time allowed was foreseeable; and (6) whether the discovery is likely to lead to relevant evidence. *Sil-Flo*, 917 F.2d at 1514. Based on this standard, Defendant submits that any unilateral reopening of discovery beyond the limited scope of Plaintiff's injuries should be denied, and the Scheduling Order should clarify this. Plaintiff has not shown good cause for the reopening of factual discovery as allegedly interpreted herein by her new counsel. Accordingly, this Court should clarify that discovery in this matter was reopened for the limited medical discovery outlined in the parties' Fifth Joint Application [Doc. 30] and Plaintiff's Supplement [Doc. 31].

***2. This Court Must Clarify if Discovery Was Unilaterally Reopened To Include Plaintiff's Belated And Prejudicial Attempt To Restart Fact Discovery Unrelated To Plaintiff's New Medical Records***

The discovery deadline in this matter has been extended several times prior to Plaintiff's Supplement to Unopposed Fifth Application to Extend Scheduling Order [Doc. 32]. Based on the language of the Unopposed Fifth Application, Defendant believed in good faith that Plaintiff's request to reopen discovery was for the limited purpose of conducting new discovery ***relating to Plaintiff's medical condition***. Plaintiff had ample opportunity, over the course of over two (2) years, to obtain depositions of Walmart's employees or other defense witnesses related to the facts surrounding Plaintiff's allegations, but failed to do so before expiration of the March 1, 2024, discovery deadline. Now, Plaintiff's new attorneys are taking a second "bite at the apple" to obtain testimony from witnesses on incident fact and liability issues instead of abiding by the more limited interpretation agreed to by the parties.

An analysis of the *Sil-Flo* factors shows this Court should limit the reopened discovery to issues relating to Plaintiff's medical condition only, as previously agreed to by the parties. As to the first factor, was indeed "imminent" at the time the parties' request for an extension was granted, and is "imminent" now, as a trial date has been set in this case and is approaching. As to the second factor, Walmart agreed to the reopening of discovery with respect to "newly discovered evidence regarding the permanency of Plaintiff's injuries" and "the new condition alleged by Plaintiff" only [Doc. 32]. Walmart did not agree to the more expansive interpretation from Plaintiff's new counsel. Regarding the third and fourth *Sil-Flo* factors, prejudice towards the party not moving for an extension (in this case, Walmart) and whether the moving party (in this case, Plaintiff) was diligent in its efforts to seek fact discovery prior to expiration of the deadline, both of these should be looked at in the context of this case at this point. Plaintiff's new attorneys entered their appearances on April 26, 2024. Three days later, without any leave of Court or prior contact to Walmart up to that point, Plaintiff served deposition subpoenas on John Lamont and Mikayla Lamirand, the manager and one of the associates, respectively, of the Walmart where Plaintiff's fall allegedly occurred. This is despite Plaintiff knowing of Mr. Lamont and Ms. Lamirand's identities at since initial disclosures were exchanged in June 2022, almost two (2) years ago, and probably longer. The prejudicial impact to Walmart could not be clearer. More importantly, this Court should not consider Plaintiff's overly aggressive discovery tactics a substitute for Plaintiff's due diligence.

With respect to the fifth *Sil-Flo* factor, foreseeability of additional discovery, Plaintiff cannot prove this specific factual discovery was *not* foreseeable. Plaintiff had

until March 1, 2024, to diligently prosecute her case with factual discovery. Plaintiff knew the identity of Mr. Lamont and Ms. Lamirand from the moment initial disclosures were exchanged, and probably longer. Plaintiff chose not to seek to depose these witnesses until well after the March 1, 2024, discovery cutoff previously set by this Court. Lastly, there is no contention that the factual discovery requested by Plaintiff's new counsel will lead to the discovery of relevant evidence beyond that already gathered.

Further, even if these witnesses could elicit relevant testimony to Plaintiff, the only conceivable purpose for Plaintiff procuring that testimony would be to preserve it for trial. Plaintiff was required to do so "during the time set by the court to conduct discovery." *Bondpro Corp. v. Siemens Westinghouse Power Corp.*, 2005 U.S. Dist. LEXIS 2481 at *2–3 (W.D. Wis. Jan. 31, 2005), *citing Integra Lifesciences I, Ltd. V. Merck KgaA*, 190 F.R.D. 556, 559 (S.D. Cal. Nov. 2, 1999). If Plaintiff is granted leave to depose these witnesses for the mere purpose of preserving their testimony for trial, "nothing would keep the parties from waiting until after the close of discovery to take all these 'trial' depositions." *Integra Lifesciences*, 190 F.R.D. at 559.

Walmart agreed to reopen discovery in this matter for the limited purpose of Plaintiff's medical condition based solely on a new medical provider with a recommendation for a specialized boot that Plaintiff will allegedly need to wear for the rest of her life. Plaintiff only "discovered" the need for further factual discovery only after Plaintiff hired new counsel. There were numerous instances where such a need would have arisen, based on the parties' five (5) requests for extensions that this Court had granted. Plaintiff could have pursued her fact discovery further, but her prior counsel

chose not to do so. There cannot be a relationship between the withdrawal of Plaintiff's prior counsel and her ability to timely depose these two witnesses. Accordingly, this Court must clarify the Scheduling Order regarding whether *all* discovery has been reopened, including fact discovery, or whether the new discovery deadline of August 1, 2024, applies to medical discovery only. Walmart submits that, given Plaintiff's repeated prior opportunities to do liability discovery and the newly realized need for such discovery by Plaintiff's new counsel, this Court should amend the Fifth Amended Scheduling Order once more to clarify that the August 1, 2024, deadline applies to Plaintiff's newly disclosed medical condition only. At no time was Plaintiff's new counsel involved in the discussions or communications concerning the agreement to extend discovery only for the limited purpose of Plaintiff's new medical recommendation and medical experts.

## CONCLUSION

"It is always easy in hindsight for counsel to realize there may be a better way to try a case the second time around." *Cleveland ex rel. Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449–50 (10th Cir. 1993). The "hindsight" of Plaintiff's new retained counsel, believing there may be a better way to try this case mere months before her trial date, and without any conversation or prior notice to Defendant's counsel, decided to go well beyond the narrow scope of a previously agreed-to discovery extension. This Court should not reward Plaintiff's lack of diligence in prosecuting her case for close to two (2) years by giving new counsel *carte blanche* to conduct fact discovery beyond this scope.

This should be clarified by the Court, and the Fifth Amended Scheduling Order should be amended once more to reflect this clarification.

**WHEREFORE**, Defendant Wal-Mart Stores East, L.P. respectfully requests that the Court: (1) clarify whether the August 1, 2024 discovery deadline in the Fifth Amended Scheduling Order applies to all discovery in this matter, or to the limited scope of discovery previously agreed to by the parties; and (2) amend the Fifth Amended Scheduling Order once more to note that the previous March 1, 2024, discovery deadline is in place except with respect to the limited scope of medical discovery and medical experts previously agreed to by Plaintiff's and Defendant's counsel. Defendant Wal-Mart Stores East, L.P., further requests an expedited briefing schedule and ruling on this matter based on the time-sensitive nature of some of the discovery already requested by Plaintiff, as further outlined in the proposed Order. Defendant Wal-Mart Stores East, L.P., further requests any other relief the Court deems just and proper.

Respectfully submitted,

*/s/Michael W. Brewer*

**MICHAEL W. BREWER, OBA # 11769**
**ANDRE V. FARINHA, OBA #32910**
**HILTGEN & BREWER, P.C.**
9505 North Kelley Avenue
Oklahoma City, OK 73131
Telephone: (405) 605-9000
Facsimile: (405) 605-9010
mbrewer@hbokc.law
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

John Branum, OBA #20165
Jessica Ladd, OBA #33821
**BRANUM LAW FIRM, PLLC**
9600 South May Avenue
Oklahoma City, OK 73159
Telephone: (800) 318-9950
Email: all@branumlawfirm.com

-AND-

Randall E. Long, OBA #22216
Austin T. Jackson, OBA #33922
**RHODES, HIERONYMUS, JONES TUCKER & GABLE, P.L.L.C.**
P.O. Box 2110
Tulsa, OK 74121
Telephone: (918) 582-1173
Email: rlong@rhodesokla.com
ajackson@rhodesokla.com
**ATTORNEYS FOR PLAINTIFF**

*/s/Michael W. Brewer*
**MICHAEL W. BREWER**